UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Jennifer McWilliams**, <br><br> *Plaintiff*, <br><br> v. <br><br> **Frankton-Lapel Community Schools Building Corporation**; **Robert Fields**, in his official capacity as Superintendent of Frankton-Lapel Community Schools; **Ronda Podzielinski**, in her official capacity as Principal of Frankton Elementary School; **Kimberly Gray**, in her official capacity as the Title I Program/Reading Director for Frankton-Lapel Community Schools; **Frankton-Lapel Community Schools Board of School Trustees**; <br><br> *Defendants.* | Civil Case No. 1:20-cv-1419-JPH-TAB |

## Plaintiff's Motion to Consolidate

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiff Jennifer McWilliams respectfully moves this Court to consolidate the hearing on Plaintiffs' Motion for Preliminary Injunction with the trial on the merits of Plaintiffs' Verified Complaint. In support of this Motion, Voters state as follows:

"Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." Fed. R. Civ. P. 65(a)(2). This rule affords the district court discretion to consolidate a hearing on the merits with a preliminary injunction

**Pl.'s Mot. to Consolidate**
**PI Hr'g and Hr'g on Merits**                                        1

hearing, and is often used on civil rights actions in which only declaratory and injunctive relief is sought and in which involve limited questions of fact. *See Ezell v. City of Chi.*, 651 F.3d 684, 693 (7th Cir. 2011).

The parties should receive "clear and unambiguous notice" of consolidation "before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972).

### I. Consolidation Is Proper in this Case.

Consolidation may serve the interests of justice, particularly when the legal issues involved do not require factual development, or when discovery has been concluded. *See id.* at 1057.

Consolidation under Rule 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and trial on the merits, thereby increase the efficiency in the conduct of the case without any distortion of the presentation of evidence by the parties. *See* Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment. Moreover, consolidation is proper when "evidence received in connection with an application for a preliminary injunction which would be admissible on the trial on the merits forms part of the trial record." *See id*.

**A.      The Resolution of this Case Turns on Purely Legal Issues.**

This case presents the legal question of whether Ms. McWilliams spoke as a private citizen, not as a public employee, on a matter of public concern, and whether Defendants'

violated her First and Fourteenth Amendment rights when they fired her based upon that speech. [Dkt. 8]. The facts underlying Ms. McWilliams' speech will be fully developed before the hearing on the motion for preliminary injunction. At that point, the likelihood of success on the merits will be the decisive preliminary injunction factor, and the evaluation of this likelihood will be properly before this Court as a matter of law. *See id.*

**B.     The Same Evidence Will Be Used for the Preliminary Injunction and the Merits.**

If any factual evidence is required, all of the evidence gathered for the preliminary injunction will be relevant to the merits. Indeed, both Ms. McWilliams and Defendants will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing.

**C.     A Decision on the Merits Would Expedite Resolution of this Case.**

The primary goal of Ms. McWilliams is to protect her fundamental right to free speech. Ms. McWilliams' likelihood of success on the merits will be decisive in the Court's preliminary injunction analysis. Even short deprivations of First Amendment rights constitute irreparable harm relevant to the preliminary injunction. So if Defendants are not enjoined from depriving Ms. McWilliams of those rights now, her fundamental rights will be irreparably lost. Therefore, whether or not Defendants are enjoined from mentioning Ms. McWilliams' employment termination and whether Ms. McWilliams is entitled to a preliminary injunction on her

employment termination, will determine this matter. Consolidation of that decision with the merits will present an expeditious resolution to this case.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Ms. McWilliams' likelihood of success on the merits is decisive, and will be before this Court as a matter of law at the hearing for preliminary injunction;  (2) the same evidence is relevant to Ms. McWilliams' preliminary injunction and the merits and will avoid the needless repetition of evidence, and (3) it would expedite resolution of this case. This Court should grant Ms. McWilliams Motion to Consolidate and provide adequate notice of such consolidation to Defendants.

**WHEREFORE**, Plaintiff prays this Court grant Plaintiff's Motion to Consolidate the hearing on Plaintiff's Motion for Preliminary Injunction with any hearing on the merits of this case.

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr. IN # 2838-84
 jboppjr@aol.com
*Lead Counsel for Plaintiff*
Melena S. Siebert IN # 35061-15
 msiebert@bopplaw.com
*Counsel for Plaintiff*
THE BOPP LAW FIRM, PC
1 South Sixth Street
Terre Haute, IN 47807-3510
(812) 232-2434 - Telephone
(812) 235-3685 - Facsimile

## Certificate of Service

I hereby certify that on June 9, 2020, a true and exact copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing was sent to the following persons by operation of the Court's CM/ECF system:

Alexander Phillip Pinegar
Apinegar@cchalaw.com
Brent R. Borg
Bborg@cchalaw.com
Church Church Hittle + Antrim
Two North Ninth St
Noblesville, IN 46060
Tel: 317-773-2190
*Counsel for Defendants*

/s/ James Bopp, Jr.
James Bopp, Jr.
Lead Counsel for Plaintiff
